In the

# United States Court of Appeals

## For the Seventh Circuit

No. 24-3133

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

THOMAS L. HAWKINS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 3:07-cr-50058-3 — **Iain D. Johnston,** *Judge.*

ARGUED APRIL 8, 2026 — DECIDED JUNE 2, 2026

Before SCUDDER, ST. EVE, and KOLAR, *Circuit Judges.*

SCUDDER, *Circuit Judge.* While on federal supervised release for prior robberies, Thomas Hawkins committed two more. New convictions followed, and in a combined hearing, the district court revoked Hawkins' supervised release and sentenced him on both the new robberies and for the supervised release violations. On appeal Hawkins invokes the Supreme Court's recent decision in *Esteras v. United States*, 606 U.S. 185 (2025), and contends that the district court considered

an impermissible factor—retribution—in imposing the maximum possible revocation sentence. He also sees his revocation sentence as excessive and reflecting an unwarranted disparity with the sentences imposed on others who violate their supervised release in similar ways. While Hawkins makes some fair observations about the sentencing proceeding in the district court, he falls short of demonstrating error, leaving us to affirm.

**I**

In 2008 Thomas Hawkins pleaded guilty in federal court to committing two commercial robberies in Rockford, Illinois, and using a firearm in one of them. See 18 U.S.C. §§ 1951(a), 924(c)(1)(A). The district court sentenced him to 136 months' imprisonment and five years of supervised release.

Hawkins began his supervised release in July 2018. Trouble followed. In October 2020, he participated in an armed home invasion robbery during which his accomplice shot and killed a woman. In return for his cooperation, the state opted not to charge Hawkins with any crime.

Hawkins also committed two more commercial robberies around the same time. In September 2020, he robbed a Red Roof Inn in Rockford, armed with something resembling a gun. A month later he robbed a Mobil gas station in Rockford, this time unquestionably armed with a gun that he pointed at the station attendant.

A new round of federal charges followed for the two new commercial robberies, and Hawkins once again pleaded guilty. The government pointed to these robberies in asking the district court to revoke his supervised release.

The district court conducted Hawkins' new sentencing and his revocation sentencing in the same hearing. The court sentenced Hawkins for the new robberies first. After determining the advisory Guidelines range of 108–135 months, the court heard arguments from the parties and a statement from Hawkins. It then considered the sentencing factors in 18 U.S.C. § 3553(a) and the purposes of punishment generally, including retribution. The district court also recognized the challenges Hawkins had faced growing up while emphasizing the leniency he received in his 2008 sentence and the dangerousness of the two new robberies. In the end, the district court sentenced Hawkins to 135 months and three years of supervised release.

The district court then turned to the supervised release violations. After Hawkins admitted that he violated his supervised release, the court revoked it. Everyone agreed that revocation sentencing range was 18–24 months.

The district court acknowledged that Congress enumerated the factors that inform revocation sentences in 18 U.S.C. § 3583(e). In identifying those factors, the court made no reference to retribution. Put another way, the court implicitly recognized that, when it comes to revocation sentences, § 3583(e) disallows consideration of "the need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"—a factor Congress expressly requires to be considered at an original sentencing. 18 U.S.C. § 3553(a)(2)(A); *id.* § 3583(e) (omitting reference to § 3553(a)(2)(A) from the itemized list of factors allowed to be considered for revocation sentences).

Before announcing and explaining the revocation sentence, the district court incorporated its earlier reasoning when sentencing Hawkins for the new criminal convictions—the two robberies in September and October 2020 in Rockford. It then imposed a revocation sentence of 108 months, the statutory maximum under § 3583(e)(3) given the underlying offense classifications. Above all else, the district court made plain that Hawkins' pattern of violent conduct demonstrated that the "public needs protection."

Hawkins now appeals, challenging only his revocation sentence.

## II

Pointing to § 3583(e) and the Supreme Court's decision in *Esteras*, Hawkins underscores that district courts cannot consider retribution when imposing revocation sentences. He is correct on the law. See *Esteras*, 606 U.S. at 195 ("District courts cannot consider § 3553(a)(2)(A) when revoking supervised release."). But where Hawkins comes up short is in convincing us that the district court considered retribution.

To the contrary, the district court recognized it must approach the new sentence and revocation sentence differently. And recall that in listing the factors it could consider under § 3583(e), the court omitted any reference to retribution. Nor did retribution enter the mix when the court explained the reasons for the 108-month revocation sentence. Indeed, we see no reference anywhere to the revocation sentence being connected to Hawkins' original 2008 conviction and sentence. What dominated the district court's reasoning was protecting the public.

Hawkins pushes back by emphasizing that the district court wholesale incorporated its reasoning for the new sentence, which included retributive concerns, into its reasoning for the revocation sentence. So this must mean, he continues, that retribution informed the revocation sentence. Hawkins' general observation is fair in two ways. First, the district court did say it was incorporating its prior reasoning into its determination of the appropriate revocation sentence. Second, Hawkins is right to underscore that district courts, especially when conducting a combined sentencing and supervised release revocation proceeding, must respect the limitations Congress imposed on the considerations allowed to inform revocation sentences.

But having reviewed the transcript many times over, we are not convinced the district court considered impermissible factors in imposing the revocation sentence. The court omitted retribution from its listing of factors it could consider and instead emphasized the need to protect the public. If by incorporating its prior reasoning the court considered retribution at all, it was solely limited to the conduct that served as the basis to revoke Hawkins' supervised release—the two new commercial robberies from 2020. And this consideration is something we have observed is altogether proper. See *United States v. Bradford*, 170 F.4th 618, 623 (7th Cir. 2026) (citing *Esteras* and explaining that "weighing the seriousness of the defendant's supervised-release violations" is consistent with the statutory scheme of § 3583(e)). In the final analysis, we cannot conclude that the district court failed to respect the limitations of § 3583(e) in imposing the 108-month revocation sentence.

### III

Hawkins presses two more challenges to his revocation sentence. He first asserts that the district court failed to "consider the need to avoid unwarranted sentence disparities among defendants with similar records." *United States v. Sanchez*, 989 F.3d 523, 539 (7th Cir. 2021) (cleaned up). Here, too, we are unpersuaded. The district court not only specifically identified that concern but also stated that the Guidelines range of 18–24 months was "woefully inadequate." The need to protect the public took priority, as Hawkins "posed a special danger to the public" and "presented as something other than the usual" defendant with a similar criminal history. *United States v. Dickerson*, 42 F.4th 799, 805 (7th Cir. 2022).

Hawkins also insists that his revocation sentence is substantively unreasonable. District courts "have particularly broad discretion when revoking supervised release." *Bradford*, 170 F.4th at 622. We will reverse only when a term of reimprisonment is "plainly unreasonable." *United States v. Durham*, 967 F.3d 575, 580 (7th Cir. 2020). Even more, "we give greater deference to a sentencing court revoking supervised release than we do to a court imposing a sentence for an original offense." *United States v. Snake*, 140 F.4th 379, 384 (7th Cir. 2025).

No error occurred here, as Hawkins violated his supervised release by returning to violent crime and once again demonstrating that he presented a grave risk to the community. The 108-month revocation sentence was not plainly unreasonable.

For these reasons, we AFFIRM.